# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-415V

Filed: June 26, 2014

Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PATRICIA EGROFF, | \* | |
| | \* | |
| Petitioner, | \* | Damages decision based on proffer; |
| | \* | influenza vaccine; brachial neuritis |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mark T. Sadaka, Englewood, NJ, for petitioner.
Althea W. Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

Petitioner filed a petition on June 25, 2013, under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2006). Petitioner alleges that the influenza vaccine she received on December 9, 2011 caused her to suffer brachial neuritis. On November 21, 2013, respondent filed a Rule 4(c) Report conceding liability and recommending that petitioner receive compensation.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On April 30, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned issued a decision on April 30, 2014, pursuant to this proffer. Both the proffer and decision contained inadvertent errors, as did the subsequent June 6, 2014, judgment. The decision was withdrawn and judgment vacated on June 25, 2014.

On June 26, 2014, respondent filed Respondent's Amended Proffer on Award of Compensation. The undersigned finds the terms of the amended proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards petitioner a lump sum payment of **$60,000.00**, representing all compensation for which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check made payable to petitioner, Patricia Egroff.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED.**


Dated: June 26, 2014                                                    s/ Laura D. Millman
                                                                                Laura D. Millman
                                                                                Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

PATRICIA EGROFF, )
)
Petitioner, ) No. 13-415V
) Special Master Laura D. Millman
v. ) ECF
)
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
)
Respondent. )
)

## RESPONDENT'S AMENDED PROFFER ON AWARD OF COMPENSATION

### I.  Compensation for Vaccine Injury-Related Items

Respondent proffers that, based on the evidence of record, petitioner should be awarded

$60,000.00.  This amount represents all elements of compensation to which petitioner would be

entitled under 42 U.S.C. § 300aa-15(a)(1); 15(a)(3)(A); and 15(a)(4).  Petitioner agrees.

### II.  Form of the Award

The parties recommend that the compensation provided to petitioner should be made

through a lump sum payment as described below, and request that the special master's decision

and the Court's judgment award the following:[1]

   A.  A lump sum payment of $60,000.00 in the form of a check payable to petitioner, Patricia
       Egroff.  This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-
       15(a) to which petitioner would be entitled.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court
for appropriate relief.  In particular, respondent would oppose any award for future medical
expenses and future pain and suffering.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, Jr.
Assistant Director
Torts Branch, Civil Division

  s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 307-3013

DATED:  June 26, 2014